UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAYMOND SLATE and KWANG SLATE, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>PIERCE COUNTY and its OFFICE OF PUBLIC WORKS AND UTILITIES; SUMMIT BROOKFIELD, LLC, a Washington limited liability company; BROOKFIELD FARMS LLC, a Washington limited liability company; BROOKFIELD FARMS 2, LLC, a Washington limited liability company,<br><br>Defendants. | CASE NO. C 14-5161 KLS<br><br>ORDER GRANTING SUMMIT BROOKFIELD, LLC'S MOTION FOR SUMMARY JUDGMENT |

Summit Brookfield, LLC seeks dismissal of Plaintiffs' claims against it pursuant to Fed. R. Civ. P. 56. Dkt. 35. For the reasons set forth below, the Court GRANTS that motion.

Procedurally, the Court notes that the Plaintiffs initially filed their complaint in Pierce County Superior Court on January 15, 2014. Their counsel subsequently withdrew and the Plaintiffs now represent themselves pro se.

Summit Brookfield, LLC filed its summary judgment motion on October 29, 2015 with a noting date of November 20, 2015. The Plaintiffs have not filed any opposition to the motion. The Court also notes that Plaintiffs' First Amended Complaint was not verified by either of the Plaintiffs. Therefore, the only evidence before the Court as it relates to the summary judgment motion is that which has been filed by Summit Brookfield, LLC.

## BACKGROUND

According to the uncontradicted evidence presented by Summit Brookfield, LLC in its Motion for Summary Judgment (Dkt. 35, pp. 2 – 6), this dispute arises from the development of a large parcel of acreage now known as Brookfield Farms, which was developed in four phases. The Plaintiffs' north property line abuts the south property line of that portion of Brookfield Farms designated as wetlands. Phase I lies to the east of the wetlands and included the development of a stormwater retention pond which was completed as of August 3, 2005. Dkt. 42, p. 3 (Declaration of Steven R. Dorenbush).

The Plaintiffs first became aware of flooding on their property in 2006. According to Mr. Slate's testimony, the flooding caused his property to be unbuildable and it has remained unbuildable since then. Dkt. 36, p. 30. Plaintiffs attribute the flooding of their property to the stormwater retention pond as well as actions of the named defendants.

Summit Brookfield, LLC was formed on July 16, 2013 and acquired Phase 4 of Brookfield Farms on July 22, 2013. At the time of the acquisition, some preliminary work relating to the plat had been completed but no homes had been constructed. The preliminary work included the design of the stormwater conveyance for Phase 4. Summit Brookfield had no involvement in the design of the stormwater conveyance system for Phase 4. Dkt. 37, p. 2. It is uncontradicted that the stormwater system for Phase 4 directs and drains surface water to a storm

pond which is located on the west side of the Brookfield Farms area and is not near the Plaintiffs' property. Dkt. 37, p. 2 – 3. Phase 4 does not abut the Plaintiffs' property.

According to the uncontradicted evidence, Summit Brookfield has not moved surface water by artificial channels into the wetlands that abut the Plaintiffs' property and it does not own either the wetlands or the Phase 1 stormwater pond.

In summary, there is no evidence before the Court that Summit Brookfield had anything to do with causing any injury or damage to Plaintiffs' property.

## PLAINTIFFS' CLAIMS

In their First Amended Complaint, the Plaintiffs asserted the following claims: (1) channel and discharge; (2) trespass and waste; (3) nuisance; (4) negligence and (5) inverse condemnation (which claim appears to be asserted only against Pierce County).

## SUMMARY JUDGMENT

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers,* 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257 (1986). Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment. *See California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *See Anderson,* 477 U.S. at 2487. Material facts are those which might affect the outcome of the suit under governing law. *Id.* In ruling on

summary judgment, a court does not weight evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.,* 41 F.3d 547, 549 (9th Cir. 1994)(citing *O'Melveny & Meyers, supra* at p. 747). Furthermore, conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment. *Anheuser-Busch, Inc. v. Natural Beverage Distributors,* 60 F.3d 337, 345 (9th Cir. 1995). Similarly, hearsay evidence may not be considered in deciding whether material facts are at issue in summary judgment motions. *Id.* at 345; *Blair Foods, Inc. v. Ranchers Cotton Oil,* 61 F.2d 665, 667 (9th Cir. 1980).

## DISCUSSION

**1. Lack of evidence**.

Summit Brookfield first asserts that the Plaintiffs have failed to present any evidence whatsoever to support their assertion that Summit Brookfield did something wrong that caused them damages. The Court agrees. The Plaintiffs have presented to evidence to support the claims asserted in their unverified Amended Complaint.

The Court also notes that Summit Brookfield has presented evidence to support the conclusion that it is not responsible for any injury alleged by the Plaintiffs. The development of the detention pond related to Phase 1 was completed many years prior to Summit Brookfield having any ownership interest in Phase 4 and it does not have any ownership interest in that detention pond. The design and development of the stormwater conveyance for Phase 4 was completed before Summit Brookfield had any ownership interest in Phase 4. Finally, the evidence before the Court is that water runoff from Phase 4 drains to the storm pond that was constructed for Phase 2, 3 and 4 located on the west edge of the development. The water runoff from Phase 4 does not drain into the wetlands located adjacent to the Plaintiffs' lots and Summit Brookfield does not own those wetlands.

Based on the complete failure of the Plaintiffs to present any evidence showing any wrongdoing by Summit Brookfield, the Defendant's motion to dismiss all claims is GRANTED.

**2. Statute of Limitations.**

Summit Brookfield alleges that all of Plaintiffs' claims are barred by the statute of limitations. This argument rests on the fact that the Plaintiffs knew of flood damage to their property as early as 2006 and therefore their lawsuit should have either been filed by 2008 or 2009. Based on a close reading of the Plaintiffs First Amended Complaint, it appears that the Plaintiffs assert a continuing problem with the water runoff. However, as noted above they failed to present any evidence of fault on the part of Summit Brookfield. The Court declines to grant the motion to dismiss based on the statute of limitations argument.

**3. Channel and Discharge.**

As noted by Summit Brookfield, this is not an independent claim but rather is an exception to the common enemy doctrine, which is an affirmative defense to actions of nuisance, trespass, and negligence. *See Currens v. Sleek,* 138 Wn.2d 858, 861, 983 P.2d. 626 (1999). It is not a stand-alone cause of action. Summit Brookfield's motion to dismiss this claim is GRANTED.

**4. Trespass and waste.**

Summit Brookfield asserts that this claim should be dismissed as the Plaintiffs have presented no evidence to support this claim. The Court agrees. The motion to dismiss this claim is GRANTED.

**5. Nuisance and trespass.**

The Court agrees with Summit Brookfield that the claims for nuisance, trespass and negligence arise out of the same operative facts and conduct alleged against Summit Brookfield.

1 Under the facts presented to the Court, it is appropriate to restrict Plaintiffs claims to that of
2 negligence. The motion to dismiss the claims of nuisance and trespass are GRANTED.

**6. Negligence.**

Summit Brookfield asserts that the Plaintiffs' negligence claim must be dismissed for failure on the part of the Plaintiff to "create material issues of fact as to the existence of a duty and proximate cause." Dkt. 35, p. 14.

As noted by the Defendant, the Plaintiffs have failed to present any evidence to show that Summit Brookfield constructed artificial channels that directed surface water to an area different than its natural flow and that the area was Plaintiffs' land. The Plaintiffs have also failed to show any bad faith on the part of Summit Brookfield with regard to its involvement in the development of Phase 4. Similarly, there is a complete lack of evidence to connect up any flooding on Plaintiffs' property with any actions or inactions of Summit Brookfield. There is no material issue of fact and the motion to dismiss this claim is GRANTED.

**7. Inverse Condemnation.**

It appears to the Court that the claim of inverse condemnation is asserted only against Pierce County. To the extent that the Plaintiffs' intended to extend the claim to Summit Brookfield, the motion to dismiss that claim is GRANTED.

//
//
//
//
//
//
//

ORDER GRANTING SUMMIT BROOKFIELD, LLC'S
MOTION FOR SUMMARY JUDGMENT- 6

**CONCLUSION**

Summit Brookfield's motion to dismiss all of the Plaintiffs' claims against it are GRANTED.

The clerk is directed to mail a copy of this order to the Plaintiffs.

DATED this 8th day of December, 2015.

Karen L. Strombom
United States Magistrate Judge