UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAYMOND SLATE and KWANG SLATE, husband and wife,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>PIERCE COUNTY and its OFFICE OF PUBLIC WORKS AND UTILITIES; SUMMIT BROOKFIELD, LLC, a Washington limited liability company; BROOKFIELD FARMS LLC, a Washington limited liability company; BROOKFIELD FARMS 2, LLC, a Washington limited liability company,<br><br>　　　　　Defendants. | CASE NO. C 14-5161 KLS<br><br>ORDER GRANTING BROOKFIELD FARMS MOTION FOR SUMMARY JUDGMENT |

　　Brookfield Farms, LLC and Brookfield Farms 2, LLC ("Brookfield Farms") seek dismissal of Plaintiffs' claims against it pursuant to Fed. R. Civ. P. 56 based on the statute of limitations. Dkt. 40. For the reasons set forth below, the Court GRANTS the motion.

Procedurally, the Court notes that the Plaintiffs initially filed their complaint in Pierce County Superior Court on January 15, 2014. Plaintiffs' counsel subsequently withdrew and they now represent themselves pro se.

Brookfield Farms filed its summary judgment motion on November 5, 2015 with a noting date of November 27, 2015. The Plaintiffs have not filed any opposition to the motion. The Court also notes that Plaintiffs' First Amended Complaint was not verified by either of the Plaintiffs. Therefore, the only evidence before the Court as it relates to the summary judgment motion is that which has been filed by Brookfield Farms.

## BACKGROUND

The Plaintiffs allege that actions of Brookfield Farms caused flooding on their property which resulted in their two lots becoming unbuildable. They first became aware of the flooding of their property in 2006. Plaintiffs attribute the flooding of their property to the stormwater retention pond associated with Phase 1 as well as actions of the named defendants. By prior Order this Court granted the summary judgment motion of Summit Brookfield and all claims against Summit Brookfield have been dismissed.

The property that is the subject of this litigation was first deeded to Brookfield Farms, LLC on March 21, 2002. Over the course of three and one-half years Brookfield Farms did site development work on Phase I of the development, which included the construction of a storm water detention pond, which is located along the west boundary of Phase 1 and adjacent to a designated wetlands. No building is permitted in the wetlands area. Plaintiffs' north property line abuts the south property line of the wetlands area. The storm water detention pond was complete as of August 3, 2005. On November 7, 2005 Brookfield Farms, LLC deeded the entirety of Phase 1 to Carbon River BRC, LLC. After this date, Brookfield Farms, LLC had no further ownership of Phase 1 or the storm water detention pond.

On May 29, 2009 Phases 2 and 3 were deeded from Brookfield Farms, LLC to Brookfield Holdings, LLC, which is not a party to this action.  Phase 4, currently owned by Summit Brookfield, was deeded in lieu of foreclosure from Brookfield Farms 2, LLC to its lender Plaza Bank on March 29, 2012.

The Plaintiffs obtained ownership of their two lots in 1994 (Lot 11) and 1998 (Lot 10).  Raymond Slate intended to get the lots to perc so a septic system could be permitted and the lots sold to developers.  Because the lots have no access to a municipal sewer system, no house can be built on a lot unless the lot passes a perc test.  As of the date of Mr. Slate's deposition, September 30, 2015, he had not had a perc test conducted on either of his two lots.

With regard to flooding on Plaintiffs' property, the only evidence presented to the Court was with regard to a flooding incident that occurred in 2006.  While Mr. Slate was not certain when he became aware of the flooding it was no later than November 7, 2006.  It also appears to the Court that for purposes of this motion it is fair to conclude that the source of this flooding was the stormwater detention pond constructed as part of the development of Phase 1.  There is no competent evidence that there was flooding originating from water artificially channeled, or otherwise, from Phases 2, 3 or 4.

## PLAINTIFFS' CLAIMS

In their First Amended Complaint, the Plaintiffs asserted the following claims:  (1) channel and discharge; (2) trespass and waste; (3) nuisance; (4) negligence and (5) inverse condemnation (which claim appears to be asserted only against Pierce County).

## SUMMARY JUDGMENT

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The Court must draw all reasonable inferences in favor of the non-moving party.  *See*

*F.D.I.C. v. O'Melveny & Meyers,* 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257 (1986). Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment. *See California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *See Anderson,* 477 U.S. at 2487. Material facts are those which might affect the outcome of the suit under governing law. *Id.* In ruling on summary judgment, a court does not weight evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.,* 41 F.3d 547, 549 (9th Cir. 1994)(citing *O'Melveny & Meyers, supra* at p. 747). Furthermore, conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment. *Anheuser-Busch, Inc. v. Natural Beverage Distributors,* 60 F.3d 337, 345 (9th Cir. 1995). Similarly, hearsay evidence may not be considered in deciding whether material facts are at issue in summary judgment motions. *Id.* at 345; *Blair Foods, Inc. v. Ranchers Cotton Oil,* 61-F.2d 665, 667 (9th Cir. 1980).

## DISCUSSION

**1. Statute of Limitations – Negligence and "Channel and Discharge"**

While the Plaintiffs asserted a claim based on "channel and discharge," this Court agrees with the Defendants that this is not a separate claim but rather is an exception to the defense known as the common enemy doctrine. *See Ripley v. Grays Harbor County,* 107 Wn.App. 575, 580, 27 P.3d 1197 (2001).

The statute of limitations for negligent injury to real property is two years. RCW 4.16.130. In this case, the Plaintiffs knew of injury to their property as of November 7, 2006. They had until November 6, 2008. The claim was first filed in Pierce County Superior Court on January 15, 2014, substantially more than two years after the Plaintiffs became aware of injury to their property.

The Plaintiffs' claims based on negligence are barred by the two year statute of limitations.

**2. Statute of Limitations – Trespass, Waste and Nuisance.**

The statute of limitations for claims of waste and trespass upon real property is three years. RCW 4.16.080(1). With regard to nuisance claims, there is a two year statute of limitations. RCW 4.16.130.

Assuming that the Plaintiffs presented sufficient evidence to support their claims of waste, intentional trespass or nuisance, which they did not, they would have had three years from the date of invasion to bring their action for intentional trespass and waste or two years from the date of invasion to bring their action for nuisance. They did not file within these time limits.

In a cause of action for continuing trespass, the statute of limitations is applied retrospectively to allow recovery for damages sustained within three years of filing of the Complaint. *Woldson v. Woodhead,* 159 Wn.2d 215, 223, 149 P.3d 361 (2006). "A cause of action for a continuing intentional trespass, as opposed to a permanent trespass, arises when an intrusive substance remains on a person's land, causes actual and substantial harm to that person's property, and is abatable." *Wallace v. Lewis County,* 134 Wn.App. 1, 15, 137 P.3d 101 (2006). In this situation, the "trespasser" is under a continuing duty to remove the intrusive substance or condition. Assuming that the Plaintiffs presented evidence to support a claim of continuing intentional trespass, which they did not, Brookfield Farms had no ownership interest

in Phase 1 as of November 7, 2005 and it had no ownership interest in Phase 2 and 3 as of 2009. Brookfield Farms does not have the ability to "remove the intrusive substance or condition." If the Plaintiffs' have a claim for a continuing intentional trespass it is against others who are not a party to this litigation and not against Brookfield Farms.

If a nuisance is continuing, the statute of limitations limits the period for which the plaintiff may collect damages to two years prior to the date the Complaint is filed. *Wallace,* 134 Wn.App. at 19. "The possessor of property is liable for a continuing nuisance, regardless of whether that person created or maintained the nuisance; such continuation constitutes a new, actionable nuisance." *Wallace,* 134 Wn.App. at 19. Brookfield Farms was not the possessor of the property for the three years prior to the Plaintiffs' filing their Complaint.

For the above stated reasons, the Plaintiffs' claims of trespass, waste and nuisance are barred by the statute of limitations.

## CONCLUSION

Brookfield Farms motion to dismiss all of the Plaintiffs' claims against it is GRANTED.

The clerk is directed to mail a copy of this order to the Plaintiffs.

DATED this 14th day of December, 2015.

Karen L. Strombom
United States Magistrate Judge